RAFAEL BUSCAGLIA, TREASURER OF PUERTO RICO, Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; FRATICELLI & GUIDICELLI, Interveners.

No. 218.   Argued July 21, 1949.—Decided November 14, 1949.

Vicente Géigel Polanco, Attorney General, and Manuel J. Medina Aymat, Assistant Attorney General, for petitioner. J. J. Ortiz Alibrán for interveners, complainants in the main action.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

In deciding this case the Tax Court confined itself to stating that: "Taking into consideration the uncontroverted evidence adduced by the appellants, as well as the decisions in Puig v. Tax Court, 65 P.R.R. 691 (1946); Vías v. Tax Court, 67 P.R.R. 459 (1947): We decide to grant the above-mentioned petition in all its points."

At the request of the Treasurer of Puerto Rico we issued a writ of certiorari to review said decision. The facts which gave rise to the complaint before the lower court are as follows:

On January 2, 1946 the Treasurer notified to Fraticelli and Guidicelli certain income tax deficiencies corresponding to the taxable years 1938, 1939, 1940, and 1941, amounting to $5,935.05. A reconsideration was sought and denied, after holding an administrative hearing, whereupon Messrs. Antonio Fraticelli and Antonio Guidicelli paid the deficiency. Thereafter they claimed its return which was also denied inasmuch as the Treasurer believed that the firm Fraticelli & Guidicelli ". . . is a civil partnership and as such is bound to

file income tax returns and to pay the corresponding tax. . ."
Messrs. Fraticelli and Guidicelli then resorted to the Tax
Court with the aforementioned result.

What did the "uncontroverted evidence" referred to by
the lower court prove? Let us see.

██ On February 6, 1936 Antonio Fraticelli acquired
by purchase from the Banco de Puerto Rico, as receiver in·
bankruptcy of the Banco Territorial· y Agrícola de Puerto
Rico, four rural properties located in the Bayaney Ward of
Hatillo. On April 14, 1936, Mr. Fraticelli sold three of said
properties to Mr. Antonio Guidicelli. These transactions
were proved by means of the proper deeds.

Mr. Antonio Fraticelli testified as the only witness and
his testimony was to the effect that from 1938 to 1941 he
had business dealings with Mr. Guidicelli operating certain
cane plantations; that they never had a partnership contract;
that the agreement was oral and that by virtue thereof, "he
owned one plantation and I another, and we agreed to operate
them dividing the benefits derived therefrom;" that each one
acted independently but that they also had granted powers
of attorney in favor of each other; that each one signed
promissory notes in the banks when borrowing money, but
that he also signed promissory notes in Guidicelli's name ac-
cording to the power of attorney conferred on him; that he
filed his income tax returns including only his share of the
benefits derived from the plantations:[1] that said benefits re-
presented 50% of the total amount and that Antonio Guidi-
celli declared the remaining 50%. On cross-examination, the
witness testified that the oral agreement to operate the prop-
erties began in 1936, when he sold the three plantations to
Guidicelli; that on the field Guidicelli was in charge of the
management of the farms and in his absence, the witness;

---

[1] The Treasurer accepted that for the year 1940, Antonio Fraticelli
reported in his income tax return that he had received $9,148.70 as his
share in the Fraticelli & Guidicelli community, and for 1941, $1,702.60 in
the same concept.

that as to the drafts on loans, he took care of them himself; that outside of the field, he took care of everything; that Guidicelli supervised the work and paid an employee they had; that they divided the benefits share and share alike and that the expenses were charged to the farms and each one contributed the corresponding amount; that each one made his own loans for agricultural advances; that each one had his own account in the books; that each one acted separately because the farms were [recorded] in each one's name; that the cane was ground in the central in the name of Fraticelli & Guidicelli, irrespective of whether the cane ground was from the farm of Fraticelli or of Guidicelli; that the central made out the checks in favor of Fraticelli & Guidicelli; that in case of losses, each one would have lost his share, although it was not thus agreed; that Guidicelli conferred a power of attorney on him and he in his turn conferred one on Guidicelli.

This, in brief, was the evidence and it shows, in our judgment, that the Tax Court erred in deciding, impliedly, —for in fact it did not state any conclusions of fact or of law—that a community of property existed between Antonio Fraticelli and Antonio Guidicelli and that, pursuant to the cases of Puig and Vías, *supra*, the entity Fraticelli & Guidicelli was not a partnership during 1938 and 1939 nor was it a joint adventure for profit during 1940 and 1941.

We find nothing in the record to show the existence of a community of property. Section 326 of the Civil Code, 1930 ed. The properties under operation belonged individually and separately to Fraticelli and Guidicelli. The cases of Puig and Vías, *supra*, have no bearing on the present case. What the interveners did in the case at bar, was to contribute said farms to the business of operating them for the planting and raising of sugar cane for the purpose of dividing the benefits between themselves. In fact, and in law, they constituted a partnership—§ 1556 of the Civil Code, 1930 ed.—

453

or after 1940, a joint adventure for profit, which is also a partnership for the purpose of paying the tax, pursuant to § 2 (a) (3) of the Income Tax Act, as amended by Act No. 31, approved Abril 12, 1941 and in force since January 1, 1940.[2] See *Buscaglia, Treasurer* v. *Tax Court, ante,* p. 93, and cases therein cited. In the cases of Puig and Vías, *supra,* the existence of a community of property was proved and said cases should not be cited to support situations of fact and of law which, as in the present case, show the existence of a partnership or a joint adventure for profit and not of a community.

The decision appealed from should be reversed and the complaint of the interveners before the Tax Court should be dismissed.

Mr. Justice Negrón Fernández did not participate herein.

---

[2] Said Section reads thus:

"The term 'partnership' includes civil, business, industrial, agricultural and professional partnerships or of any other kind, whether or not its constitution is set forth by public deed or private document; and it shall include, further, two or more persons, under a common name or not, engaged in a joint venture for profit."